# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL COMPLAINT |
| v. | : | Mag. No. 25-14007 (RLS) |
| ANDRES DAVID MAURICIO-VIZARRETEA | : | |

I, Ellen Chao, the undersigned complainant being duly sworn, state that the following is true and correct to the best of my knowledge and belief:

SEE ATTACHMENT A

I further state that I am a Deportation Officer with the United States Department of Homeland Security, Immigration and Customs Enforcement, and that this complaint is based on the following facts:

SEE ATTACHMENT B

continued on the attached pages and made a part hereof.

/s/ Ellen Chao
Ellen Chao
Deportation Officer
U.S. Department of Homeland Security
Immigration and Customs Enforcement

Attested to by telephone pursuant to
Fed. R. Crim. P. 4.1(b)(2)(A)
on April 10, 2025,
in the District of New Jersey.

HONORABLE RUKHSANAH L. SINGH
UNITED STATES MAGISTRATE JUDGE
Name & Title of Judicial Officer

Signature of Judicial Officer

**RECEIVED**

APR 1 0 2025

AT 8:30 _____ M
CLERK, U.S. DISTRICT COURT - DNJ

## ATTACHMENT A

On a date on or after April 22, 2020 and on or before March 17, 2025, in Monmouth County, in the District of New Jersey, and elsewhere, the defendant,

**ANDRES DAVID MAURICIO-VIZARRETEA,**

being an alien who was deported and removed or had departed the United States while an order of deportation and removal was outstanding, and thereafter, without the express consent of the Secretary of Homeland Security or the Attorney General of the United States to reapply for admission prior to his reembarkation at a place outside the United States, did knowingly and voluntarily enter and was found in the United States.

In violation of Title 8, United States Code, Sections 1326(a).

## ATTACHMENT B

I, Ellen Chao, am a Deportation Officer with the United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE"). I am fully familiar with the facts set forth herein based on my own investigation, my conversations with other law enforcement officers, and my review of reports, documents, and items of evidence. Because this complaint is being submitted for a limited purpose, I have not set forth each and every fact that I know concerning this investigation.

1. At all times relevant to this Complaint, the defendant, ANDRES DAVID MAURICIO-VIZARRETEA (hereafter "MAURICIO-VIZARRETEA"), was a native and citizen of Mexico, and not a citizen of the United States.

2. On or about January 18, 2011, MAURICIO-VIZARRETEA was ordered removed from the United States to Mexico pursuant to an order of expedited removal under 8 U.S.C. § 1225(b)(1) issued by a United States immigration officer ("Order of Removal"). On or about January 21, 2011, MAURICIO-VIZARRETEA was removed from the United States to Mexico while the above-referenced Order of Removal was outstanding.

3. Following his removal from the United States, on or about February 18, 2020, MAURICIO-VIZARRETEA illegally reentered the United States at or near Sasabe, Arizona, and was arrested by federal law enforcement in Arizona on or about February 22, 2020.

4. On or about February 23, 2020, the prior Order of Removal was reinstated and MAURICIO-VIZARRETEA was ordered removed from the United States to Mexico. On or about April 22, 2020, MAURICIO-VIZARRETEA was again removed from the United States to Mexico while the above-referenced Order of Removal was outstanding.

5. Following his second removal from the United States, MAURICIO-VIZARRETEA knowingly and voluntarily reentered the United States without permission on an unknown date at an unknown location.

6. On or about March 17, 2025, MAURICIO-VIZARRETEA was arrested by federal law enforcement officers in or around Freehold, New Jersey, in the District of New Jersey.

7. A fingerprint analysis revealed that MAURICIO-VIZARRETEA is the same individual who was arrested on March 17, 2025, and who was removed from the United States to Mexico, as set forth in paragraphs 2 and 4, above.

8. A review of relevant databases revealed that neither the Attorney General nor the Secretary of Homeland Security of the United States expressly consented to MAURICIO-VIZARRETEA reapplying for admission to the United

States prior to his reembarkation at a place outside the United States, or to his reentry into the United States.